Joseph A. Suozzi, J.
This article 78 proceeding brought by a public assistance recipient on home relief (employed but not fully self-sustaining) against the Commissioner of the Nassau County Department of Social Services raises two issues:
1. The right of a recipient to a “ fair hearing ” upon termination of assistance based on inf ormation provided by the recipient as to his unadjusted gross income; and
2. The right of a recipient to emergency assistance for rent arrears when threatened with eviction by his landlord.
The recipient is employed, but his earnings were supplemented by home relief. In October, 1972 the recipient was notified by the Department of Social Services that his grant of assistance would be terminated at the end of that month. The recipient had informed the department the month before, in a review for recertification, that his monthly earnings were $563.33. The department then determined that the adjusted gross income of the recipient was in excess of the eligibility standards.
However, it appears that the termination of assistance notice sent to the recipient did not include the notification of recipient’s *1067 right to a fair hearing as required hy sections 358.3 and 358.8 of the regulations (18 NYCRR 358.3, 358.8). Home relief recipients whose assistance is discontinued, in whole or in part, are among the persons entitled to a fair hearing (18 NYCRR 358.4). Recipient has a constitutional right to a fair hearing before his assistance can be terminated (Goldberg v. Kelly, 397 U. S. 254). This right cannot be denied by virtue of any argument that the recipient himself supplied the information on which the department bases its determination to discontinue the assistance. The recipient does not make the determination nor does he, in the first instance, analyze the raw information which he supplies to the department. To permit the denial of fair hearing where a recipient supplies earnings information is equally unconscionable as a denial based on administrative determinations independently supplied. (See Goldberg v. Kelly, supra, p. 264, n. 12.) This court cannot ignore the conclusion of the United States District Court, approved and quoted (p. 266) by the Supreme Court, stating that: “ ‘ the stakes are simply too high for the welfare recipient, and the possibility for honest error or irritable misjudgment too great, to allow termination of aid without giving the recipient a chance, if he so desires, to be fully informed of the case against him so that he may contest its basis and produce evidence in. rebuttal/ 294 F. Supp. at 904-905 ”.
The constitutional right to a fair hearing is satisfied by continuing benefits until after a fair hearing (Goldberg v. Kelly, supra, p. 267, n. 14). New York follows this practice (18 NYCRR 358.8). But the right to continuation of assistance pending a fair hearing is limited to cases where the request for a fair hearing was made within the “ advance notice period”. The regulations define a “timely and adequate advance notice” as a “notice * * * mailed at least 15 days before the action is to be taken ”, containing details of “ reasons for the proposed action”, “ explanation of the individual’s right to conference, Ms right to request a fair hearing and the circumstances under which assistance payments [are] continued if a fair hearing is requested.” (18 NYCRR 358.8 [a] [1] [2]; emphasis supplied). Therefore, if the proper notice is not given, the recipient cannot make a timely request and is denied an opportunity to obtain continuing benefits pending a fair hearing.
Not having followed its own regulations promulgated in response to Goldberg v. Kelly (supra), to protect constitutional rights of recipients, the department cannot complain of the recipient’s failure to act on his own initiative to cure their error. *1068 The department must continue benefits, since its termination without notice of the fair hearing procedure is invalid. To terminate now, the department must follow section 358.8 of the regulations (18 NYCRR 358.8). In the alternative, the department may consider the recipient to have máde a request for a fair hearing within the advance notice period, and schedule him for hearing while continuing his benefits.
The recipient also seeks emergency assistance pursuant to section 350-j of the Social Services Law. Here it is the recipient who wishes to dispense with a fair hearing. The department argues that a fair hearing must precede resort to this court, and this article 78 proceeding should be dismissed as recipient has failed to exhaust his administrative remedies. This court agrees with recipient that his situation falls within the rule that exhaustion of .administrative remedies is unnecessary when it would be a futile gesture (see Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805).
However, the refusal to grant emergency assistance is based in part on recipient’s ineligibility due to lack of a request for fair hearing. In view of this court’s determination that the recipient is entitled to a fair hearing and continuation of benefits, : the department will have to review, de novo, the request fpr emergency aid.
The department has acknowledged in its verified answer that * “ pursuant to § 350-j of the Social Services Law, in appropriate < cases, emergency aid is available when grants in aid to dependent . children have been discontinued and fair hearings have teen requested.” This court cannot anticipate the action of the department on recipient’s request for emergency assistance, nor can it substitute its judgment for the administrative agency’s in the initial determination of what is “ an appropriate case ” for emergency assistance.
To avoid error in the review of recipient’s request, the court points out to the department that the existence of a monthly car payment by recipient does not of itself mean that an emergency grant will, in effect, subsidize the purchase of a new car. By statutory and regulatory definitions, emergency assistance is limited to one period of 30 consecutive days in any 12 consecutive months. (Social Services Law, § 350-j, subd. 2; 18 NYCRR 1 372.1.) The car payments have just begun, and the payment of emergency assistance will not affect the long-term outcome. If the recipient’s problem is budgeting, the department would do well to assist recipient in analyzing and comparing the costs *1069 of a new car as against the income generated by overtime not available without auto transportation.
The aim of home relief assistance is ultimate self-sufficiency. The ability to evaluate the economic consequences of a major purchase, especially on credit terms, is at the core of self-sufficiency. Just as this recipient earned his high school diploma and learned the skill to become employable with the help and encouragement of the department, he must be assisted towards learning how to preserve and budget his income and make intelligent, relevant choices in spending income.
The purchase of the car may have been the correct choice; it could account for the increased earnings which may in fact, after a fair hearing, render recipient ineligible for further assistance. The recipient may find himself incapable of sustaining the car and overtime- earnings if his assistance is cut off. The result would then not only be his return to welfare assistance, but also a setback to the recipient’s sense of accomplishment and self-determination. The frustration could, as it often does, lead to the development of1 antisocial attitudes and the loss of initiative.
The department may well find that this recipient should be placed on a plan of self-support with his earned income and resources exempt for a period of not in excess of one year. (18 NYCRR 352.20 [c].) But such determinations are best left to those whose expertise qualifies them to make the proper findings in each individual case.